UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2017 JUN 8 PM 3 18

STATE OF CONNECTICUT            ss:   NEW HAVEN

COUNTY OF NEW HAVEN                     November 13, 2013

## AFFIDAVIT

### I. INTRODUCTION

I, Anastas Ndrenika, being duly sworn, depose and state the following:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations and to make arrests for federal felony offenses. I have been employed as a Special Agent with the United States Drug Enforcement Administration (DEA) since July 2004. From December 2004 to the present, I have been assigned to the DEA New Haven District Office's New Haven Organized Crime Drug Enforcement Task Force ("Task Force"). I am a participating member of the Task Force, which is composed of personnel from the DEA, United States Marshal Service ("USMS"), New Haven Police Department ("NHPD"), West Haven Police Department ("WHPD"), Meriden Police Department ("MPD"), Branford Police Department ("BPD"), Ansonia Police Department ("APD"), and Hamden Police Department ("HPD"), and, as such, I have participated in numerous

AN

investigations concerning violations of federal law.  More specifically, I have participated in numerous investigations of narcotics traffickers.  I have coordinated controlled purchases of illegal drugs utilizing confidential sources, cooperating witnesses, and undercover police officers.  I have written, obtained, and coordinated the execution of search and arrest warrants pertaining to individuals involved in the distribution of controlled substances, conducted electronic surveillance and physical surveillance of individuals involved in the distribution of controlled substances, analyzed records documenting the purchase and sale of illegal drugs, provided testimony in Grand Jury proceedings, and spoken with informants and subjects, as well as other local, state, and federal law enforcement officers, regarding the manner in which narcotics traffickers obtain, finance, store, manufacture, transport, and distribute illegal drugs. I have received instruction relative to conducting drug investigations while attending the DEA Academy in Quantico, Virginia. In addition, I also receive periodic in-service training relative to conducting drug investigations. In the course of my duties, I have prepared affidavits in support of federal applications seeking authorization to intercept wire communications pursuant to Title III, and the applications in support of which these affidavits were submitted have been approved by the District Court.  I have prepared affidavits in

support of federal and state search warrants and arrest warrants and have executed numerous federal and state search warrants and arrest warrants.

2. This affidavit is submitted in support of an application for an order authorizing the disclosure of the telecommunications records, to include historical cellular tower data from July 2013, through November 13, 2013, related to cellular telephone number 203-887-3690, MSID# 000002035890987, ESN 268435459802005753 (hereinafter referred to as the "Target Telephone"), subscribed to under the name of LOES RODREGOS, PO BOX 54988, Irvine, CA 92619, and believed to be utilized by JOHNNY DE LOS SANTOS. I also am submitting this affidavit in support of an application for an order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing DEA/USMS Special Agents, Deputy Marshals, and Task Force Officers to ascertain the physical location of the Target Telephone, including but not limited to, E-911 Phase II data (or other precise location information) concerning the Target Telephone for a period of thirty (30) days. The Target Telephone is assigned to a pre-paid cellular telephone serviced by Sprint. Probable cause exists to believe that the historical cellular tower data and physical location data (together, the "Requested Information") will constitute or lead to evidence of offenses involving Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), and

AN

Conspiracy to Possess with to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (the "Target Offenses") as well as the identification of individual(s) who are engaged in the commission of these offenses. For the reasons set forth in this affidavit, there is probable cause to believe that the Target Offenses have been committed, are being committed, and will continue to be committed by DE LOS SANTOS and others. Furthermore, there is probable cause to believe that DE LOS SANTOS is using the Target Telephone to commit the Target Offenses.[1]

4. I have personally participated in this investigation and I am familiar with the facts and circumstances of the offenses described in this affidavit. The statements contained in this



affidavit are based upon my personal knowledge, on information provided by Special Agents and Task Force Officers of the DEA, Detectives of the Connecticut State Police on information developed through wiretap recordings; controlled purchases of narcotics; physical surveillance; the seizure of large amounts of heroin, cocaine base, and U.S. Currency; on information provided by a Confidential Informant; an analysis of telephone call detail records and telephone subscriber information; on review of court records; and on my training and experience and that of other Special Agents and Task Force Officers of the DEA and other law enforcement personnel. Because this Affidavit is being submitted for the limited purpose of the aforementioned authorizations, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the foundation necessary to support the issuance of the requested orders.

**PROBABLE CAUSE**

5. During the past several months, members of the Connecticut State Police (hereinafter "CSP") have conducted an investigation into the drug distribution activities of the Confidential Informant, (hereinafter referred to as the "CI"). Based on several controlled purchases of narcotics, the monitoring of court-authorized GPS devices, state wiretap

recordings, and other intelligence, on ▓▓▓▓▓ 2013, members of the CSP applied for and were granted a Search Warrant for the CI's residence.

6. Subsequently, on ▓▓▓▓▓ at approximately ▓▓▓▓▓, members of the CSP executed the Search Warrant and placed the CI in custody without incident. As a result of the search, approximately ▓▓▓ grams of heroin, ▓▓▓ grams of crack cocaine, ▓▓▓ grams of marijuana, ▓▓▓ grams of hashish, and approximately ▓▓▓▓▓ of U.S. Currency were seized from the CI's residence.

7. After his arrest, the CI indicated to the investigating officers that he was willing to cooperate and identify his heroin Source of Supply ("SOS"), who was located in New York City. The CI described the SOS as a Dominican male, in his early thirties, who was arrested by federal authorities in Connecticut during summer 2012. According to the CI, the above subject had supplied him with approximately 15-20 kilograms of heroin and considerable amounts of crack cocaine during the two years preceding the CI's arrest. Based on the above information, on ▓▓▓▓▓, members of the CSP contacted the DEA New Haven District Office to identify the SOS. Based on the description provided by the CI, members of the DEA were able to obtain a photograph of DE LOS SANTOS and showed the same to the CI. The CI then identified the subject depicted on the photo as his heroin and crack cocaine

6

AN

SOS. Furthermore, during a subsequent meeting with the CI, ▇ ▇, the latter identified the Target Telephone as the cellular telephone utilized by DE LOS SANTOS. The CI stated that the telephone number for DE LOS SANTOS was listed in the CI's phone book under the name ▇.

8. The CI stated that in order to make contact with DE LOS SANTOS he had to contact the Target Telephone, which is usually answered by an unknown female subject (the "UF"), believed to work directly for DE LOS SANTOS. The CI stated that after the phone was answered by the UF, he would wait a few minutes and then would receive an incoming telephone call from DE LOS SANTOS who utilized the same Target Telephone. According to the CI, on the day of his arrest, he had made arrangements with DE LOS SANTOS to travel to New York City and deliver approximately $50,000 of U.S. Currency which he owed to DE LOS SANTOS from a previous amount of heroin and crack cocaine which DE LOS SANTOS had provided to the CI on credit. The CI indicated that he was willing to cooperate with authorities in furtherance of this investigation.

9. Based on the foregoing, there is probable cause to believe that the Requested Information will lead to evidence regarding the activities described above. Based upon all of the foregoing facts, as well as my training and experience, I believe there is probable cause that DE LOS SANTOS is currently utilizing

the Target Telephone in furtherance of his drug trafficking activity and that the Requested Information will help agents locate the Target Telephone. In my experience, drug traffickers usually carry their cell phone on their person to narcotics transactions to facilitate the meeting and to keep track of the whereabouts of their associates en route to a meet location. In addition, having a cell phone on their person allows them to conduct business more efficiently and while on the move, even when they visit stash locations or other sources of supply. Drug dealers such as DE LOS SANTOS are constantly on the move throughout the day and by keeping their cell phones on their person, they can stay in frequent communication with their drug trafficking associates so as to keep track of their whereabouts if a drug transaction has been planned and is imminent. This also allows the planning of other transactions to take place while concluding one transaction so that the business is constantly moving. Finally, having a cell phone handy allows a deal location to be changed at the last possible moment, which is a common counter-surveillance technique used by drug dealers. Drug traffickers also frequently store information pertaining to their drug trafficking associates in their phones such as contact numbers and text messages. Accordingly, there is probable cause to believe that the Requested Information will lead to the location of Target Telephone and evidence related to narcotics

AN

trafficking.

10. WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), it is requested that the Court issue a warrant and Order authorizing agents of the DEA/USMS to obtain the Requested Information for a period of thirty (30) days.

11. IT IS FURTHER REQUESTED that the Court direct Sprint to assist agents of the DEA/USMS by providing all information, facilities, and technical assistance needed to ascertain the Requested Information, and further direct Sprint, the service provider for the Target Telephone, to initiate a signal to determine the location of the Target Telephone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed warrant, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the Target Telephone for a period of thirty (30) days.  Reasonable expenses incurred pursuant to this activity will be processed for payment by the DEA.

12. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Telephone outside of

A.N

daytime hours. Indeed, drug traffickers frequently conduct their business in night-time hours, and thus, in order to uncover evidence of narcotics dealing, it will be necessary to determine the location of the Target Telephone during night-time hours.

13. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extensions thereof because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation.

14. Further, I believe that the disclosure to any person of information pertaining to this investigation or the accompanying application and the requested orders, would seriously jeopardize the investigation by causing the targets to cease using the Target Telephone and also by placing the confidential informant in danger. Accordingly, I request that this affidavit, the accompanying application, and the requested orders be ordered sealed by the Court.

Anastas Ndrenika, DEA Special Agent

Subscribed and sworn to before me this 13th day of November 2013, in New Haven, Connecticut.

THE HONORABLE JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE